UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-012 |
| | ) | |
| MICHAEL LEWIS PITTS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is defendant's second motion for new counsel. Doc. 37. The Court scheduled this matter for a hearing to inquire into the reasons for defendant's dissatisfaction with his court-appointed attorney. Doc. 41. At that hearing defendant reiterated that he was displeased with his counsel's opinion on the merits of motions to suppress evidence as well as, more generally, counsel's zeal in his defense.

As the Court has already explained to defendant, an indigent defendant is not entitled to the court-appointed counsel of his choosing. *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (an indigent criminal defendant has no right to demand a different appointed lawyer except upon a showing of good cause); *see Morris v. Slappy*, 461 U.S. 1, 11-15 (1983) (declining to create a Sixth Amendment right to a "meaningful attorney-client relationship"). "Although an indigent

criminal defendant has a right to be represented by counsel, he does not have a right . . . to demand a different appointed lawyer except for good cause." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973); *United States v. Quinones*, 372 F. App'x 34, 35 (11th Cir. 2010). Good cause for substitution requires a showing that a defendant's appointed counsel cannot provide adequate assistance for one of several reasons, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict between counsel and his client. *Young*, 482 F.2d at 995.

Defendant has not shown good cause to replace appointed counsel. As established at the hearing—and at the one held previously to inquire as to this same issue—defendant's counsel, Mr. Mooney, is an experienced litigator who is able and willing to represent defendant at any criminal trial in this case. To the extent defendant seeks replacement counsel at public expense, that motion is **DENIED**. *Wainwright*, 767 F.2d at 742.

**SO ORDERED,** this 7th day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2