# In the United States District Court for the Southern District of Georgia Savannah Division

UNITED STATES OF AMERICA

v.

MICHAEL LEWIS PITTS

CR 4:19-12

## ORDER

Before the court is Defendant Michael Lewis Pitt's Motion for Acquittal and Motion for New Trial, dkt. no. 75.[1] This Motion has been fully briefed and is ripe for review. For the reasons provided below, the Motion is **DENIED**.

## I. Defendant's Conviction

After a jury trial, Defendant was found guilty on all three counts as charged in the Superseding Indictment. Count One was for possession of a firearm by a prohibited person; Count Two was for possession with intent to distribute a controlled substance (Cocaine, Cocaine Base, Methamphetamine, and Marihuana); and Count

---

[1] Defendant has also filed his own *pro se* Motion for New Trial, dkt. no. 77, but because Defendant is represented by counsel, the Court will not entertain that *pro se* motion. Thus, Defendant's *pro se* Motion for New Trial, dkt. no. 77, is hereby **DENIED**. See e.g., United States v. Miller, 432 F. App'x 955, 961 (11th Cir. 2011) ("It is undisputed that Miller was represented by counsel when he filed his *pro se* Rule 35(a) motion. Accordingly, the district court properly struck his motion pursuant to its local rules."); see also Local Rule 11.3 ("A party represented by counsel may not file any motion, brief, or other paper *pro se* absent prior leave of court.").

Three was for possession of a firearm in furtherance of a drug trafficking crime.

**II. Legal Standards**

**A. Motion for Judgment of Acquittal**

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994); see also United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) ("In considering a motion for the entry of judgment of acquittal under [Rule 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction."). The Court must "'determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.'" United States v. Grigsby, 111 F.3d 806, 833 (11th Cir. 1997) (quoting United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)).

**B. Motion for New Trial**

Under Federal Rule of Criminal Procedure 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Whether to grant a new trial is left to the sound discretion of the trial court. United States v. Champion,

AO 72A
(Rev. 8/82)

813 F.2d 1154, 1170 (11th Cir. 1987). A new trial is only appropriate where the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004)(citation omitted). Motions requesting a new trial are thus viewed with "great caution"; they are not a vehicle by which a court may "reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable." United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988) (quoting Bentley v. United States, 701 F.2d 897, 898 (11th Cir. 1983)); Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted).

### III. Discussion

Defendant argues that the government did not meet its burden of proving each of the required elements for the three counts charged in the Superseding Indictment because "the testimony and exhibits merely provided proof that someone committed the crimes alleged and did not establish that it was the defendant to the exclusion of every other reasonable hypothesis." Dkt. No. 75 at 2. This is the entirety of Defendant's argument. Defendant's argument fails because the evidence of his guilt is overwhelming.

The evidence showed that Defendant was the driver and sole occupant of a vehicle that was pulled over by Detectives Baldwin and Russell for failure to stop at a stop sign. Detective Baldwin

AO 72A
(Rev. 8/82)

approached Defendant's pulled-over vehicle from the driver's side. Upon reaching the driver-side window, Detective Baldwin asked Defendant to turn off the vehicle and hand him the keys. Detective Baldwin then made the same request a second time, and Defendant complied. Detective Baldwin then asked Defendant to exit the vehicle, but Defendant did not comply. Detective Baldwin had to ask Defendant multiple times to exit the vehicle before Defendant finally complied.

Upon exiting the vehicle, Detective Baldwin patted down Defendant. Detective Baldwin felt a large bulge on Defendant's right hip. Defendant informed Detective Baldwin that the bulge was a firearm. Detective Baldwin then removed the firearm from a holster, of which were both in Defendant's right, front pant pocket. The firearm had a loaded magazine. The firearm was manufactured in Springfield, Massachusetts, and Defendant had prior felony convictions.

Detective Russell then approached Defendant's vehicle and smelled burnt marijuana emanating from Defendant's vehicle. While searching the vehicle, Detective Russell recovered blunt wrappers, two marijuana blunts, and a small yellow ziplock bag with cocaine that was wrapped in a Wal-Mart receipt. Further, Detective Russell recovered a Crown Royal pouch or bag that contained ten bags of various drugs, including powder cocaine, crack cocaine, methamphetamine pills, methamphetamine powder, and marijuana. The

AO 72A
(Rev. 8/82)

Crown Royal bag was located on the driver's side floorboard near the brake and gas pedals. The street value of these drugs was approximately $3,400. The Crown Royal bag also contained a digital scale, new/unused yellow packets, and a firearm magazine that was identical to the magazine loaded in the firearm taken from Defendant's pocket. Further, both magazines (the one from the firearm in Defendant's pocket and the one found in the Crown Royal bag) were loaded with the exact same ammunition—Fiocchi .22 caliber.

Defendant was then transported to the Special Investigations Unit office where Detective Newman of the Savannah Police Department conducted an audio recorded interview. Detective Newman read Defendant his Miranda warnings/rights and gave Defendant the opportunity to sign a waiver of certain constitutional rights. Defendant waived his Miranda rights and signed the constitutional rights form (after reviewing the form). Defendant then told Detective Newman that the firearm belonged to him, that he had purchased it, that it came in a box with a magazine, and that he carried it in a holster on his hip. Defendant denied any knowledge of the drugs and stated that he did not even see the Crown Royal bag that was literally at his feet while he was driving the vehicle, as it was on the driver-side floorboard near the brake and gas pedals.

AO 72A
(Rev. 8/82)

Finally, Defendant consented to Detective Newman searching his phone. Detective Newman found a text message on Defendant's phone that was sent from a contact "Bub Folks" to Defendant. The text stated "Got 60 for 300," and Defendant told Detective Newman that Bub Folks was asking him about Adderall pills.

This evidence overwhelmingly establishes Defendant's guilt on all three counts, as set forth in the Superseding Indictment. Thus, Defendant's conclusory argument that the evidence "did not establish that it was the defendant to the exclusion of every other reasonable hypothesis," dkt. no. 75 at 2, is not sufficient to meet his burden on either his Motion for Judgment of Acquittal or Motion for a New Trial.

**CONCLUSION**

For the reasons provided above, Defendant's Motion for Judgment of Acquittal and for New Trial, dkt. no. 75, is **DENIED**. Defendant's *pro se* Motion for New Trial, dkt. no. 77, is **DENIED**.

**SO ORDERED**, this 26th day of July, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA